453 So.2d 1266 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Mark LATIOLAIS, Defendant-Appellant.
No. CR83-687.
Court of Appeal of Louisiana, Third Circuit.
July 25, 1984.
Writ Denied October 12, 1984.
*1267 Lester Gauthier, Lafayette, for defendant-appellant.
Charles Brandt, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before GUIDRY, STOKER and CUTRER, JJ.
STOKER, Judge.
Defendant, Mark Latiolais, appeals from his conviction for attempted second degree murder and sentence of fifty years in the custody of the Department of Corrections. We affirm.

FACTS
On the evening of January 6, 1982, Emile Bernard offered a ride to two young men walking along the road. The two men, defendant and Purvis "Joey" Meaux, accepted the ride and entered the cab of Mr. Bernard's truck. Defendant sat next to Mr. Bernard and Mr. Meaux sat next to the passenger door. There is some dispute over the destination of defendant and Mr. Meaux; however, it appears that Mr. Bernard intended to take them to Broussard, which is his home, and that they would make their way from there.
According to Mr. Bernard, when he stopped to drop the men off, defendant began stabbing him for no apparent reason with a pointed object resembling a screwdriver. Mr. Bernard was stabbed in the chest, under the arm, in the neck and in the left temple. He was then dragged out of the truck and beaten. Mr. Bernard testified that while he was on the ground defendant tried to stick the pointed object into the back of his head, and he felt as though he were being searched for a wallet. Defendant and Mr. Meaux fled the scene in Mr. Bernard's truck, leaving him bleeding by the side of the road. Mr. Bernard was permanently blinded by the stab wound to his temple.
Defendant does not deny stabbing Mr. Bernard; however, he claims that he was provoked by Mr. Bernard's sexual advances. According to defendant, Mr. Bernard indicated that he was homosexual and that he desired to have oral sex with defendant. Defendant claims that after he rebuked the advances, Mr. Bernard touched his knee in a "meaningful" way. Defendant testified that he "kind of went crazy ... kind of blanked", grabbed a screwdriver off the dashboard of the truck, and began hitting Mr. Bernard with it.
*1268 On appeal, defendant makes the following assignments of error:
(1) The district attorney improperly went beyond the scope of the opening statement and addressed anticipated defenses.
(2) There is not sufficient evidence to support the jury verdict of attempted second degree murder.
(3) The maximum sentence of fifty years is excessive.
(4) The conduct of the victim was sufficient provocation to preclude a finding of guilty of attempted second degree murder.
(5) The jury was improperly instructed as to the specific intent required for attempted second degree murder.
(6) Because there was no objection to the jury instructions complained of, defendant clearly received ineffective assistance of counsel at trial.

ASSIGNMENT OF ERROR NO. 1.
Defendant claims that the district attorney improperly addressed anticipated defenses in his opening statement. The portion of the opening statement objected to is as follows:
"You're going to learn that there is, in addition to the side of the story that I told you, there's another side to the story. And that is that Emile Bernard did, in fact, ... This is the other side of the coin. Emile Bernard did, in fact, pick up Joey Meaux and the defendant."
At this point, counsel for the defendant objected, and the jury was removed. Defendant first moved for a mistrial arguing that the State had gone outside the permissible scope of its opening statement. Defendant subsequently withdrew his motion for mistrial and requested an admonition to the jury as to the scope of opening statements. The judge denied the motion for an admonition on the basis that the district attorney had not yet made any improper statements in his opening statement. We agree. Even if the language quoted above was intended to introduce the anticipated defense in this case, defendant successfully objected preventing any error.

ASSIGNMENT OF ERROR NO. 2.
By this assignment defendant argues that there is not sufficient evidence to support the jury verdict of attempted second degree murder. Specifically, defendant argues that there is no evidence indicating that he had a specific intent to kill Mr. Bernard. The State first argues that the sufficiency of evidence is not reviewable on appeal because it was not addressed to the trial court in a motion for a new trial. This position is not well taken, as the Louisiana Supreme Court has held that sufficiency of evidence may be considered when it is simply raised by formal assignment of error. State v. Edwards, 400 So.2d 1370 (La. 1981). Defendant in this case has properly raised the issue by assignment of error.
A specific intent to kill is an essential element of the crime of attempted second degree murder. A specific intent to inflict great bodily harm is sufficient to find a defendant guilty of murder if the victim dies, but is not sufficient to find him guilty of the attempt if the victim survives. In such a case, the defendant's intent to inflict great bodily harm would be sufficient only to find him guilty of a battery. State v. Butler, 322 So.2d 189 (La.1975). Specific intent is a state of mind which need not be proven as a fact, but may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Holmes, 388 So.2d 722 (La. 1980). When a conviction is based on circumstantial evidence, every reasonable hypothesis of innocence must be excluded. LSA-R.S. 15:438. In reviewing a conviction under the standard set out in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), we must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the defendant guilty beyond a reasonable doubt. Thus, in reviewing the element of specific intent which is based upon circumstantial evidence we must determine that, viewing the evidence in the *1269 light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded. State v. Austin, 399 So.2d 158 (La.1981).
The weapon used by the defendant to stab Mr. Bernard was not recovered; however, defendant admits that he used a screwdriver which, according to the victim's testimony, had a blade or shaft measuring approximately two and one-half inches in length. Defendant claims to have grabbed the screwdriver from the dashboard of Mr. Bernard's truck, but Mr. Bernard denies that there was a screwdriver or any other object on the dashboard of the truck. Mr. Meaux also testified that he did not remember seeing anything on the dashboard of the truck, and he is not certain where the defendant obtained the screwdriver used in the stabbing.
The defendant takes the position that had he intended to kill Mr. Bernard he would have used a more formidable weapon; therefore, he must have intended only to inflict great bodily harm. We do not find this argument persuasive. Mr. Bernard was stabbed repeatedly in the head and chest area and, according to his testimony, he was immediately blinded by the blow to the temple. After Mr. Bernard was dragged from the truck, he testified that he believed he was going to be killed and he also believed that he was left for dead by the side of the road. In addition to his blindness, Mr. Bernard suffered a broken nose, a punctured sinus, and a fractured skull.
Defendant points out on appeal that he could have made certain Mr. Bernard was dead since Mr. Bernard was completely blinded by the initial attack. Defendant also points out that there is no evidence of any premeditation to attack or commit theft or any other crime against Mr. Bernard. We do not find that any of these arguments present a reasonable hypothesis of innocence. No premeditation is required to prove specific intent. The stab wounds inflicted on Mr. Bernard were all to sensitive areas of the body, and he was left bleeding by the side of the road. We find that Mr. Bernard's belief that he was left for dead is the only reasonable construction to put on the events.

ASSIGNMENT OF ERROR NO. 3.
Defendant argues that his maximum sentence of fifty years is excessive under the facts and circumstances of this case. We disagree. In his reasons for sentence the trial judge fully reviewed the factors to be considered in sentencing set out in LSA-C.Cr.P. art. 894.1.
The trial judge noted that the defendant has no prior felony convictions, and his juvenile record of delinquency does not include violent acts. Defendant's main argument in mitigation of his acts involve the alleged provocation by Mr. Bernard. In regard to that claim, the trial judge made the following specific findings:
"In examining the report, a couple of salient points, in addition to what I've already said, should be noted. In Section B of the report dealing with offender's statements. Reading now therefrom: `Regarding the instant offense, Latiolais stated that he feels he is not guilty as charged since the victim was asking for trouble by asking what he asked for.'
"Even if we were to assume thatand I do so arguendo, without making such a finding,that the victim had solicited homosexual relations with the defendant, the defendant's response of stabbing repeatedly is completely out of all proportion and indicates to me that the antisocial and violently dangerous propensities of this defendant."
The trial judge noted further that this crime was committed in a particularly heinous manner, and statements made by the defendant's grandmother to the officer conducting the presentence investigation indicate that he has violent tendencies. Although a maximum sentence of fifty years was imposed on this defendant, he will be eligible for parole consideration under the sentencing provisions for attempt, LSA-R.S. *1270 14:27(D)(1). See State v. Welch, 368 So.2d 965 (La.1979), on application for rehearing. We adopt the position of the Supreme Court in sentence review in State v. Douglas, 389 So.2d 1263 (La.1980), in which a maximum sentence for armed robbery was imposed. In that case the court stated:
"This court does not lightly consider the matter of a 99-year sentence imposed without hope of release on parole. There may be sound arguments against the frequent use of such sentences, but these arguments address themselves to the reasoned discretion of the sentencing judge. The function of the reviewing court is not merely to substitute this court's judgment for that of the trial court, but to determine whether the court below manifestly abused its discretion. In this case we cannot find such abuse."
See also State v. Jack, 448 So.2d 725 (La.App. 5th Cir.1984).

ASSIGNMENT OF ERROR NO. 4.
Defendant asserts that the conduct of the victim constituted "provocation sufficient to deprive an average person of his self control and cool reflection." Such provocation, if proven, would reduce the charge from attempted second degree murder to attempted manslaughter. On appeal defendant asserts that he suffers from "homophobia," an excessive hostility toward and fear of homosexuals. No evidence was introduced at trial indicating that defendant suffers from such a malady. In his voluntary statement to the police, the defendant responded that he began to hit Mr. Bernard because "I don't like Fags." At trial the defendant testified that Mr. Bernard touched his leg in a manner which was not rough but just "meaningful," indicating that Mr. Bernard was determined to have sexual relations with him. Even assuming that the allegations of advances by Mr. Bernard are true, these advances are not provocation sufficient to justify the vicious attack by defendant.

ASSIGNMENTS OF ERROR NOS. 5 AND 6.
In these assignments defendant claims that the jury was improperly instructed as to the specific intent required for a conviction of attempted second degree murder. Because there was no objection at trial to the jury instructions, defendant now asserts that he was denied effective assistance of counsel. Thus, we must determine whether any alleged error in the jury instructions is reviewable on this appeal due to the absence of a contemporaneous objection.
The specific instruction complained of is as follows:
"Thus, in order to convict the defendant of attempted second degree murder, you must find:
"(1) that the defendant had a specific intent to commit the crime of attempted second degree murder;
"(2) that the defendant did or omitted an act for the purpose of and tending directly toward the commission of the crime of attempted second degree murder upon Emile Bernard."
As we pointed out in Assignment of Error No. 2, an essential element of the crime of attempted second degree murder is a specific intent to kill, and the jury should have been so instructed. State v. Butler, supra. The instruction quoted above, when considered with the definition of second degree murder which the jury was given, leaves the impression that intent to inflict great bodily harm will suffice to support a finding of the attempt. This is erroneous as set forth in the Butler case. The general rule is that absent a contemporaneous objection, a defendant may not complain of the charge to the jury on appeal. State v. Belgard, 410 So.2d 720 (La.1982). An exception to the general rule was set out in State v. Williamson, 389 So.2d 1328 (La.1980). In Williamson the defendant was on trial for the crime of attempted first degree murder which was committed on July 17, 1979. The jury was inadvertently instructed under the murder statutes which were not effective after *1271 June 29, 1979. Even though there was no objection to the erroneous jury instruction, the Supreme Court determined that it was within its province to review a complaint of constitutional violations which clearly appeared on the record. On that basis, the conviction in Williamson was reversed and the case remanded for a new trial.
Williamson was distinguished in an opinion by Justice Calogero concurring in the denial of a rehearing in State v. Belgard, supra, a case which is similar to the one before us. In Belgard the defendant was charged with attempted second degree murder in connection with a shooting incident. The instruction complained of by the defendant in Belgard was as follows:
"Now, Second Degree Murderthe crimeis the killing of a human being...
(1) When the offender has a specific intent to kill or to create great bodily harm...
Now, the charge in this case is attempted second degree murder, so now let me define attempt. Attempt is defined as follows: Any person who, having the specific intent to commit a crime, does or omits an act for the purpose of, and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended, and it shall be immaterial whether, under the circumstances, he would actually have accomplished his purpose..."
In his concurrence, Justice Calogero pointed out that Williamson involved a recent legislative change in the definitions of first and second degree murder and the jury was mistakenly charged not only as to the definitions, but as to the responsive verdicts under those former definitions. In comparing Belgard to Williamson, Justice Calogero made the following statements:
"This case is distinguishable from Williamson. There was no recent legislative change in the legal definitions of the crime charged of which the trial judge and trial attorney were oblivious. Nor is it apparent from the record that the jury mistakenly applied the law, despite the fact that they may have been given an erroneous impression from the wording of the judge's charge. Application of this contemporaneous objection rule is designed for just such a case as this. Defendant cannot neglect to afford the trial judge an opportunity to correct the charge, take his chance on a jury acquittal, then complain after conviction of the error."
It is our opinion that the comments of Justice Calogero in Belgard are applicable to this case. It is not apparent from the record that the jury mistakenly applied the law, even if they were given an erroneous impression from the wording of the charge. As pointed out in the discussion of Assignment of Error No. 4, there was sufficient evidence to find that the defendant had a specific intent to kill Mr. Bernard.
The question of improper instruction to the jury as to the crime of attempted second degree murder was recently considered in State v. Guin, 444 So.2d 625 (La.App. 3rd Cir.1983). The instruction was improper and violated the rule of State v. Butler, supra, because the court refused to eliminate from the definition of second degree murder the words "or to inflict great bodily harm." As in Butler, defense counsel objected to the charge as being improper; but, nevertheless, the improper instruction was maintained. Accordingly, in State v. Guin, the court reversed the attempted second degree murder conviction and remanded the case for a new trial. The Guin case is therefore distinguishable from this case before us and from State v. Belgard, supra, in which contemporaneous objections to the erroneous instructions were not made.
For the same reasons given above, we do not find that the issue of ineffective assistance of counsel is proper for review at this time. It is well established that such a claim is more properly raised by writ of habeas corpus at which time there can be an evidentiary hearing on the matter. We do not find that the record before us supports defendant's claim of ineffective assistance of counsel based solely on the error in the jury instruction.

*1272 CONCLUSION
For the above reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.