STOKER, Judge.
Defendant, Steven M. Gates, was charged by bill of information with theft of property valued at over $1,000 in violation of LSA-R.S. 14:67. On November 8, 1984, Gates was tried before the trial judge (as the defendant had signed a waiver of a right to trial by jury). The trial judge found defendant guilty of theft of over $100 but less than $500. The trial court sentenced Gates to the custody of the Louisiana Department of Corrections for one year but suspended the sentence and put him on supervised probation for that time. Gates was also ordered to make restitution to the victim and the Natchitoches Indigent Defender Board. The defendant appeals his conviction, alleging that the State failed to prove beyond a reasonable doubt all of the elements necessary to convict Gates of theft.
FACTS
Defendant, Steven M. Gates, and Linda Daniel dated each other for about two months in early 1984. During their relationship the defendant resided with Linda “... off and on ... a few days at a time.” About the time the relationship ended in April of 1984, Linda noticed that several items were missing, including cash, a man’s gold tigereye ring, a tool box, a set of encyclopedia, a set of binoculars, a hand drill, and a number of record albums. She reported this to the police department and *242 filed charges of theft against Gates for the missing items. Gates was also charged with the theft of $146 worth of long-distance calls he allegedly made on Linda’s phone without her knowledge and against her permission.
The trial court found that the State had met its burden of proof only as to the cash, the records, and the phone calls. The judge ordered Gates to pay Linda Daniel $351 in restitution.
STANDARD OF REVIEW
The Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), stated that the question for review on appeal is whether any rational trier of fact, viewing the evidence in a light most favorable to the prosecution, would have found the essential elements of the offense proved beyond a reasonable doubt. LSA-R.S. 15:438 states: “The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” Thus, in applying Jackson v. Virginia in a circumstantial evidence case, the standard of review that has evolved is: Viewing the evidence in a light most favorable to the prosecution, could a rational trier of fact have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded. State v. Austin, 399 So.2d 158 (La.1981); State v. Latiolais, 453 So.2d 1266 (La.App.3d Cir.1984), writ den., 458 So.2d 125 (La.1984).
As defense counsel points out in his brief, there are several elements to the crime of theft. It is the misappropriation or taking of anything of value which belongs to another with an intent to deprive the other permanently of the objects that were taken. LSA-R.S. 14:67. It is the State’s task to meet the burden of proof as to each element. We will review the evidence to determine whether it supports Gates’s conviction.
THE TESTIMONY
The only evidence in this case consisted of the testimony of Linda Daniel, Sgt. Keith Thompson, and the defendant.
Linda testified that she was missing cash in the amount of $120 to $130. Sixty dollars had disappeared from her wallet, $10 to $20 from her jewelry box, and $40 to $50 from her brother’s wallet in her dresser. Linda testified that she often took small sums of money out of her pocket and placed them in her jewelry box. She noticed that the next morning the money— usually $10 to $20 — would be missing at times when the defendant was at her house, and the only other persons present were her two small children. Her testimony further revealed that $40 to $50 was missing from her deceased brother’s wallet which she had placed in her bedroom drawer during a time when Gates was staying with her. Gates stated that as far as he knew Linda never had any cash in the house due to the number of bills she had to pay.
Linda also testified that she and the defendant drove up to her house one evening just as the phone rang. She ran into the house to answer it, leaving her wallet — and the defendant — in the car. Later she returned to the car but her wallet was gone. Linda stated that at the time it contained $60 in cash and a man’s gold tigereye ring belonging to her deceased brother. The defendant’s sister, Marilyn, returned the wallet to Linda about a month later saying that she (Gates’s sister) found it in Gates’s bedroom. Gates testified that Linda had left the wallet at his house and had failed to pick it up when he notified her that he had it. Linda, however, testified that she did not go to Gates’s house during the time the wallet was missing, nor did she go to his house after that incident.
Linda further testified that Gates stole about 60 albums which ranged in value from $5 to $8. She testified that the defendant’s sister returned the albums to her claiming that she (defendant’s sister) had found them in her brother’s room. Gates testified that he had purchased the albums from Linda’s brother shortly before his death for $1 a piece. Gates gave some *243 what conflicting testimony as to the number of albums he allegedly purchased and the amount paid for each album. He testified that he had “paid him $60 bucks ... $1 a piece ... 35 records.”
Linda also testified that Gates had made $146 worth of unauthorized long-distance phone calls from her phone. She stated that she received a phone bill with long-distance charges for calls made to Lafayette or Abbeville, where Gates’s family lives. She checked the dates on the bill and compared them with the times that he had been at her house and found that they coincided. She testified that she had paid a previous bill that contained long-distance charges that Gates had incurred, and at that time told him not to make anymore long-distance phone calls. Sgt. Keith Thompson testified that in a voluntary statement Gates admitted to owing Linda for the long-distance phone calls and stated that he had promised to reimburse her.
Gates’s testimony is somewhat unclear. First he testified that Linda never instructed him not to use the phone. Later he testified on cross-examination that Linda told him not to make anymore long-distance calls on her telephone. In even later testimony he said that, “she didn’t really say not to, just cut down on it.” Then he stated: “I don’t think she ever said not to make any long-distance calls. I just have to answer no.” He admitted to making the telephone calls but also claimed that he paid the $146 to Linda to cover the bill. He had no receipt.
CONCLUSION AND DISPOSITION
If the evidence is viewed in a light most favorable to the prosecution, we feel that the State proved that Gates had taken or misappropriated cash, records and phone services with a value of $351 from Linda with the intent to deprive her permanently of the items. LSA-R.S. 14:67. There appears to be some dispute in the testimony as to the taking and valuation elements of the crime as to the cash and records. Whenever there is conflicting testimony as to factual matters, the question of the credibility of the witnesses is within the sound discretion of the trier of fact. Such factual determinations will not be disturbed on review unless clearly contrary to the evidence. State v. Klar, 400 So.2d 610 (La.1981); State v. Smith, 445 So.2d 521 (La. App.3d Cir.1984), writ den., 449 So.2d 1346 (La.1984).
The judge’s decision to believe Linda Daniel’s testimony is not clearly contrary to the evidence. Linda’s testimony seemed to imply that more than $10 to $20 was taken from her jewelry box, but the judge found that only that amount was proved. Further, it appears that the trial judge was satisfied with the value of $1 each assigned by Gates to the albums, since he only found Gates guilty of theft of over $100 but less than $500. Assigning the value at $5 to $8 as Linda had estimated would have raised the value of the items stolen to more than $500 which would not have supported the verdict.
Therefore, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime of theft of over $100 but less than $500, and the evidence excluded every reasonable hypothesis of guilt. The judgment of the trial court is affirmed.
AFFIRMED.