FORET, Judge.
Defendant, Fred Lambert, Jr., was convicted of attempted second degree murder, a violation of La.R.S. 14:27 and 14:30.1, and sentenced to serve twenty years, five years of which are to be served without parole, probation, or suspension of sentence. Defendant appeals and raises two assignments of error.
FACTS
On February 17,1986, Keith Holland, the victim, and Mr. and Mrs. Charles Pate were at T’s Lounge. Holland and the defendant became involved in a fight which erupted because Holland thought the defendant was rummaging through Mrs. Pate’s purse. The fight was broken up and the defendant left, or was forced to leave the bar. The defendant threatened to go get his gun and get Holland. Holland went to the restroom and, when he came out, the defendant shot him with a rifle. Defendant was convicted of attempted second degree murder and sentenced to twenty years.
ASSIGNMENTS OF ERROR NOS. 1 and 2
By these assignments of error, defendant contends that the trial court erred in failing to adequately articulate its reasons for sentence and that his twenty-year sentence for attempted second degree murder is excessive.
We find that the trial judge complied with Art. 894.1 and adequately articulated his reasons for sentence. He considered, as an aggravating factor, the seriousness of defendant’s crime and the harm suffered by the victim. The trial judge considered the circumstances which led to this crime and concluded that there was no strong provocation, justification, or inducement of defendant’s actions. The trial court determined that defendant made no offer to compensate the victim for his medical bills or pay the hospital directly.
The trial court also considered the relevant mitigating factors: that this was defendant’s first felony and that defendant had led a law-abiding life for forty-two years. The court considered character reference letters sent in support of defendant and considered the fact that defendant had children and the hardship incarceration would cause his family. The judge was also aware, from testimony at the sentencing hearing, that defendant had served in the military.
The trial judge adequately complied with Art. 894.1 and adequately articulated his reasons for sentence.
EXCESSIVE SENTENCE
Defendant received a twenty-year sentence for attempted second degree murder and, under La.R.S. 14:30.1 and La.R.S. 14.27, could have been sentenced up to fifty *83 years. Defendant’s sentence is, therefore, in the lower range of possible sentences.
Louisiana jurisprudence supports a significant sentence when the victim of an attempted second degree murder suffers serious injury, notwithstanding the fact that the defendant is youthful or a first felony offender.
In State v. Cushman, 481 So.2d 1376 (La.App. 5 Cir.1986), writ denied, 486 So.2d 748 (La.1986), a first felony offender received a twenty-year sentence. Defendant had caused a horrible injury, which destroyed portions of the victim’s face and brain. Defendant’s sentence was upheld because of the seriousness of the crime and the harm to the victim.
In State v. Latiolais, 453 So.2d 1266 (La.App. 3 Cir.1984), writ denied, 458 So.2d 125 (La.1984), a first felony offender was sentenced to fifty years for attempted second degree murder. Latiolais was hitchhiking and accepted a ride. A disagreement arose and Latiolais stabbed his victim several times with a screwdriver. The victim was blinded. Latiolais’ sentence was affirmed because of the heinous nature of his crime, his lack of remorse and statements made by his grandmother indicating that he had violent tendencies.
In State v. Ratcliff, 416 So.2d 528 (La.1982), the defendant, a first-time felony offender, received a twenty-five-year sentence. Ratcliff had shot his victim twice at close range with a .357 caliber handgun. Ratcliff’s sentence was upheld because of the seriousness of the offense and great harm to the victim.
Defendant herein and the victim were involved in a fight in a lounge. Defendant told the victim he was going to come back and “take care” of him. The victim went to the restroom and, when he came out, the defendant, who was standing in the doorway, shot him. The victim went to St. Patrick’s Hospital Emergency Room in pain. The victim had a break and fracture of his humerus and bullet fragments in his chest. Defendant committed a serious crime which contemplated and resulted in serious injury to the victim.
Considering defendant’s crime, the injury to the victim, and the jurisprudence in factually similar cases, it cannot be said that the sentence here is grossly disproportionate to the crime or a needless infliction of pain and suffering. Defendant’s sentence is affirmed.
AFFIRMED.