# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 13-1114

**STATE OF LOUISIANA**

**VERSUS**

**CHRISTOPHER SPRIGGINS**

\*\*\*\*\*\*\*\*\*\*

**APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, DOCKET NO. 92114-FA
HONORABLE J. LARRY VIDRINE, DISTRICT JUDGE**
\*\*\*\*\*\*\*\*\*\*

**SYLVIA R. COOKS
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John E. Conery, Judges.

**AFFIRMED.**

Trent Brignac, District Attorney
Shelley DeVille, Assistant District Attorney
Evangeline Parish District Attorney's Office
P.O. Drawer 780
Ville Platte, LA  70586
(318) 363-3438
**ATTORNEY FOR APPELLEE**
    State of Louisiana

Brent Hawkins
Louisiana Appellate Project
P.O. Box 3752
Lake Charles, LA  70602-3752
(337) 502-5146
**ATTORNEY FOR DEFENDANT/APPELLANT**
    Christopher Spriggins

**COOKS, Judge.**

On November 10, 2010, Defendant, Christophe Spriggins, entered the home of Ms. Cecilia Ardoin within the Parish of Evangeline without permission. While Defendant was in the process of burglarizing the home, Ms. Ardoin returned to her home after attending morning mass. Ms. Ardoin saw Defendant standing in front of her bookcase. Defendant then grabbed a heavy, wooden pendulum clock and hit Ms. Ardoin in the head several times. Ms. Ardoin attempted to flee, however Defendant pursued her and continued hitting her with the clock. Ms. Ardoin fell to the floor, and Defendant continued hitting her with the clock.

When police arrived on the scene they followed a trail of blood, and found Ms. Ardoin severely injured. Defendant inadvertently left a jacket at the crime scene. DNA from the jacket was matched with that of Defendant.

A bill of information was filed charging Defendant with attempted second degree murder, in violation of La.R.S. 14:27 & 14:30.1, and aggravated burglary, in violation of La.R.S.14:60. Defendant pled guilty and received two concurrent twenty-year sentences, pursuant to a plea agreement.

Defendant subsequently moved for an out-of-time appeal. The trial court granted said motion on July 11, 2013 and appointed the Louisiana Appellate Project to represent him.

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), appellate counsel filed a motion to withdraw, alleging that no non-frivolous issues existed to appeal. This court denied the motion to withdraw and ordered counsel to submit a brief addressing a single issue. Counsel has since filed a timely brief arguing Defendant's plea was not voluntary because the State's recitation of the facts included a misstatement of the elements of attempted second degree murder.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent concerning the bill of information.

For the charge of attempted second degree murder, the bill cites only La.R.S. 14:30.1 and does not include La.R.S. 14:27, the citation for attempt. "Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice." La.Code Crim.P. art. 464. Defendant does not allege any prejudice because of the erroneous citation; thus, any error is harmless. Additionally, by entering an unqualified plea, Defendant waived review of this non-jurisdictional pre-plea defect. *See State v. Crosby*, 338 So.2d 584 (La.1976). Accordingly, this error is harmless. *State v. Allen,* 09-1281 (La.App. 3 Cir. 5/5/10), 36 So.3d 1091.

**ANALYSIS**

In his lone assignment of error, Defendant argues the trial court erred by accepting his guilty plea because the State's recitation of the facts misstated an element of attempted second degree murder. The prosecutor did state that Defendant had the intent to inflict great bodily harm. However, specific intent to kill is required to support an attempted second degree murder conviction. *State v. Butler*, 322 So.2d 189 (La.1975), *State v. Latiolais*, 453 So.2d 1266 (La.App. 3 Cir.), *writ denied*, 458 So.2d 125 (La. 1984).[1]

Defendant cites *State v. Linear*, 600 So.2d 113 (LaApp. 2 Cir. 1992) for support, since it contains a finding that the proceedings lacked a significant factual basis to support the defendant's *Alford* plea to attempted second degree murder. However, the present case is distinguishable because it was a normal guilty plea

---

[1]*Latiolais* was abrogated on other grounds by the holding in *State v. Hongo*, 96-2060 (La. 12/02/97), 706 So.2d 419.

3

and thus did not involve *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970), which allows a defendant to submit to legal punishment without admitting guilt. Such a plea puts a trial court "on notice that a substantial basis of guilt must be placed into the record." *State v. J.S.*, 10-1233, p. 2 (La.App. 3 Cir. 5/11/11), 63 So.3d 1185, 1188 (citing *State v. Villarreal*, 99-827 (La.App. 5 Cir. 2/16/00), 759 So.2d 126, 129, *writ denied*, 00-1175 (La. 3/16/01), 786 So.2d 745). Thus, Defendant's plea proceedings did not have the same basis or requirements as *Linear*.

Another line of jurisprudence applies to guilty pleas. In *State v. Nguyen*, 10-483, pp. 11-12 (La.App. 3 Cir. 2/2/11), 55 So.3d 976, 983-84, *writ denied*, 11-285 (La. 6/17/11), 63 So.3d 1038, a case from this court in which the defendant alleged the definition of "dangerous weapon," an element of the charge against him, was not explained, this court stated:

> "The test for the validity of a guilty plea does not depend on whether the trial court specifically informed the defendant of every element of the offense. *Rather, the defendant must establish that he lacked awareness of the essential nature of the offense to which he was pleading.*" *State v. Strattman*, 08-674, p. 5 (La.App. 5 Cir. 4/28/09), 13 So.3d 1129, 1132, *writ denied*, 09-1157 (La.1/22/10), 25 So.3d 130; *see also, State v. Minniefield*, 43,300, p. 4 (La.App. 2 Cir. 6/4/08), 986 So.2d 227, 231. Here, after the trial court read the aggravated second degree battery statute, the defendant affirmed three times that he understood the nature of the charges against him. Further, the defendant affirmed the State's factual basis, which included reference to the defendant['s] using an "object in a manner in which it was used it was dangerous," was true. Accordingly, it cannot be said that the defendant lacked awareness of the essential nature of the offenses to which he was pleading.

(emphasis added).

Regarding Defendant's understanding of the proceeding, the following colloquy occurred at the plea proceeding:

**BY THE COURT:**

> Do you voluntarily waive all these rights that I have explained to you and entered this plea of guilty because you are in fact guilty of these charges?

4

**BY MR. SPRIGGINS:**

Yes sir.

**BY THE COURT:**

Have you fully understood all of what I've told you, and particularly that you do not have to plead guilty at all if you do not want to?

**BY MR. SPRIGGINS:**

Yes sir.

**BY THE COURT:**

Do you have any questions; do you have any reservations about pleading guilty?

**BY MR. SPRIGGINS:**

No sir.

**BY THE COURT:**

Mr. Fontenot would read to Mr. Spriggins what the maximum penalties are, and give us the factual basis that gave rise to these charges.

**BY MR. FONTENOT:**

Yes sir Your Honor. Under the Second Degree Murder statute that carries mandatory life in prison, so any attempt to commit that carries a maximum of fifty years.

With regard to the Aggravated Burglary, whoever commits that crime shall be imprisoned for hard labor for not less than one nor more than thirty years.

In this particular case, on or about November 10, 2010 the defendant did enter the home of Ms. Cecilia Ardoin within the Parish of Evangeline without permission, which is the burglary; during the commission of that burglary did hit Ms. Ardoin with what reports [sic] to be a clock with intent to cause great bodily harm, which is where the attempted murder comes from.

**BY THE COURT:**

I understand. Mrs. Kelly, are you satisfied with the reading of the maximum penalty, and are you further satisfied that considering the factual basis just set forth by Mr. Tim Fontenot from the DA's

5

office there will be sufficient evidence to prove the essential elements of the crimes charged beyond a reasonable doubt?

**BY MS. KELLY:**

Yes sir.

**BY THE COURT:**

Ms. Spriggins [sic], how do you plead to a violation of Louisiana Revised Statute Title 14, Section 30.1, Attempted Second Degree Murder?

**BY MR. SPRIGGINS:**

Guilty.

**BY THE COURT:**

How do you plead to a violation of Louisiana Revised Statute Title 14, Section 60.3, Aggravated Burglary with a Battery?

**MR. SPRIGGINS:**

Guilty.

**BY THE COURT:**

I make an affirmative finding of fact that your pleas of guilty are being made freely, voluntarily and intelligently, that you want me to accept it, and I do accept it.

Ms. Kelly, do you care to waive the provision of Louisiana Code of Criminal Procedure Article 894.1, particularly Sections D and E thereof?

**BY MS. KELLY:**

Yes sir.

**BY THE COURT:**

In accordance with your plea bargain agreement Mr. Spriggins, on both the Attempted Second Degree Murder and the Aggravated Burglary with a Battery, I'm going to sentence you to 20 years at hard labor on each count to run concurrent with one another.

Special conditions are that upon your release from jail you will have no contact with the victim and that you further understand that your Attempted Second Degree Murder [sentence] is served without benefit of parole, probation, or suspension of sentence.

I further inform you that [by] virtue of Louisiana Code of Criminal Procedure Article 930.8 there is a two year prescriptive period for you to apply for post conviction relief which begins to run from the time of finality of this judgment, and I will ask you Mr. Spriggins, and you Mrs. Kelly, do you both affirm and acknowledge for the record that Mr. Spriggins' plea was a direct result of the plea bargain, and that Mr. Spriggins received exactly what was bargained for, and that the plea bargains terms and conditions were correctly and clearly set forth and encompassed in the sentence of this court.  Is that correct sir?

**MR. SPRIGGINS:**

Yes.

**BY THE COURT:**

Ma'am?

**BY MS. KELLY:**

Yes sir.

The foregoing exchange indicates Defendant understood the proceedings. Moreover, Defendant makes no showing on appeal to indicate he lacked awareness of the essential nature of attempted second degree murder such that the pleas should be vacated.  Thus, we find this assignment lacks merit.

## DECREE

For the foregoing reasons, Defendant's guilty pleas and sentences are affirmed.

**AFFIRMED.**