440 So.2d 834 (1983)
STATE of Louisiana, Appellee,
v.
Larry TURNER, Defendant.
No. 15366-KA.
Court of Appeal of Louisiana, Second Circuit.
October 24, 1983.
Rehearing Denied November 10, 1983.
*835 Caddo Parish Indigent Defender Office by William T. Giddens, Shreveport, for defendant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Howard Fish and Catherine M. Estopinal, Asst. Dist. Attys., Shreveport, for appellee.
Before JASPER E. JONES, FRED W. JONES, Jr. and NORRIS, JJ.
JASPER E. JONES, Judge.
Defendant, Larry Turner, was charged by bill of information with attempted second degree murder in violation of La.R.S. 14:27 and 30.1. After a jury trial, the responsive verdict of guilty of attempted manslaughter was returned. La.R.S. 14:27 and 31. The defendant was then charged as an habitual offender and pled guilty. He was subsequently sentenced to 14½ years at hard labor under the provisions of the habitual offender statute, La.R.S. 15:529.1. Defendant appeals his conviction and sentence relying on two assignments of error.
Facts
On February 12, 1982 defendant was involved in a game of one-on-one basketball with Steve Robinson. During the course of the game, a fist fight occurred between the two. Defendant lost the fight. After the fight was over defendant returned home and armed himself with a pistol. He then returned to where the game was played and shot Robinson in the mouth.
Assignment of Error No. 1
This assignment of error stems from the trial court's sustaining two objections by the state during defense counsel's closing argument. Defendant alleges that the trial court erred in two respects. The first is that the objections were erroneously sustained.
At separate times during his closing argument defense counsel tried to show the jury placards containing language from the second degree murder statute, R.S. 14:30.1, and the manslaughter statute, R.S. 14:31. The placards quoted the statutes completely except for the penalty provisions.
The placard showing 14:30.1 contained the following language:
Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
(2) When the offender is engaged in the perpetuation or attempted perpetration of aggravated rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill or to inflict great bodily harm.
The placard showing 14:31 contained the following language:
Manslaughter is:
(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have copied, at the time the offense was committed; or
(2) A homicide committed, without any intent to cause death or great bodily harm.

*836 (a) When the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in Articles 30 or 30.1, or of any intentional misdemeanor directly affecting the person; or
(b) When the offender is resisting lawful arrest by means, or in a manner, not inherently dangerous, and the circumstances are such that the killing would not be murder under Articles 30 or 30.1.
The prosecution objected to counsel's showing of both the placards because they contained law that was inapplicable to the case. The trial court sustained both objections.
Counsel is permitted to argue the law in closing argument. The scope of the argument, however, is limited to the law applicable to the case. See La.C.Cr.P. 774; State v. White, 399 So.2d 172 (La.1981); State v. Bretz, 394 So.2d 245 (La.1981); State v. Jenkins, 338 So.2d 276 (La.1976).
A specific intent to kill is an essential element of the crime of attempted second degree murder, and also of the responsive crime of attempted manslaughter. State v. Butler, 322 So.2d 189 (La.1975); State in the Interest of Hickerson, 411 So.2d 585 (La.App. 1st Cir.1982).
Because of the specific intent requirement 14:30.1(1) and 14:31(1) would each require substantial alterations in order for them to clearly state the specific intent to kill requirement. The portion of 14:30.1(1) which defines second degree murder as the killing of a human being when the offender has a specific intent to inflict great bodily harm would have to be eliminated. The first part of 14:31(1) which provides "A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder)," would have to be changed to read "A homicide which occurred when the defendant had the specific intent to kill." The provisions of 14:30.1(2) and 14:31(2) are totally inapplicable to this case.
Counsel for appellant made no effort to alter the placards so they would correctly state law applicable to the case. The trial judge properly sustained the state's objection to the statements of law on the placards in the form in which they were presented. Immediately after the objection was sustained defendant's counsel was permitted to orally argue the applicable portions of each statute and therefore he was not denied his right to argue the applicable law to the jury.
Defendant next argues that the trial judge addressed defense counsel in a prejudicial manner when he sustained the objections. Defendant contends that the judge's tone of voice impugned counsel's dignity and prejudiced the jury against defendant. A tape recording of both incidents was preserved for this court to review on appeal.[1]
*837 In our legal system the judge holds a position of honor and esteem. Because of his position, a judge should always strive toward the highest standard of conduct. He should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Code of Judicial Conduct, Canon 2 A; State v. Wimberly, 414 So.2d 666 (La.1982). Furthermore, a judge should be patient, dignified, and courteous to the lawyers with whom he deals in his official capacity. Code of Judicial Conduct, Canon 3 A(3).
Though the judge strives to maintain these standards he is, nevertheless, still human and is subject to the entire range of human emotions and shortcomings. Even the best of judges may occasionally become aggravated during the course of a trial. The tape of the incidents about which defendant complains reveals that the trial judge became somewhat aggravated and impatient with defense counsel for attempting to show the placards to the jury.[2] While the trial judge's voice may have been somewhat sharp and impatient, it was neither overloud nor sarcastic. The statements made were not vindictive and cannot be construed as impolite under the circumstances in which they were made.
Even though the trial judge may have shown impatience with defense counsel, his remarks and tone of voice do not warrant reversal of defendant's conviction. A verdict will not be set aside because of improper remarks by the judge unless the reviewing court is thoroughly convinced that the jury was influenced by the remarks and that they contributed to the verdict. State v. Gallow, 338 So.2d 920 (La.1976); State v. Hammler, 312 So.2d 306 (La.1975); State v. Simpson, 247 La. 883, 175 So.2d 255 (1965).
We are far from convinced the jury was influenced by the court's remarks or that they contributed to the verdict. Defendant was convicted for a lesser offense than the one charged even though the evidence would have supported a conviction for the greater offense. Defendant contends that he may have been acquitted altogether if it had not been for the court's conduct. In light of the overwhelming evidence against defendant, this contention is entitled to no consideration. We find Assignment of Error No. 1 without merit.
Assignment of Error No. 2
Defendant contends his sentence is excessive. Defendant faced a maximum possible sentence of 21 years.[3] The 14½ year sentence he actually received was substantially less than the possible maximum.
A sentence is excessive if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Guiden, 399 So.2d 194 (La.1981). The sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Feeback, 414 So.2d 1229 (La.1982); State v. Howard, 414 So.2d 1210 (La.1982); State v. Bing, 410 So.2d 227 (La.1982).
The sentencing judge is provided with a list of factors to which he should accord weight when imposing a sentence. La.C.Cr.P. 894.1. When the sentencing judge considers all the 894.1 factors and states them for the record before imposing the sentence, the determinative inquiry is: *838 did the sentencing judge commit a manifest abuse of his wide discretion in imposing the sentence on defendant. State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ den. 435 So.2d 438 (La.1983).
The trial court thoroughly explored all of the 894.1 factors, both aggravating and mitigating, before imposing the sentence. Defendant's complaint is that the court did not accord enough weight to the mitigating factors and he accorded too much weight to the aggravating factors.
We find no abuse of the trial court's discretion in imposing the sentence. His conclusions are supported by sound reasoning with which we agree. The serious nature of the instant offense together with the fact that defendant committed the offense while on probation for another felony, far outweigh any of the mitigating factors suggested by defendant.
This assignment of error lacks merit.
Defendant's conviction and sentence are AFFIRMED.
NOTES
[1] These are the remarks made by the trial judge as he sustained the objections:

"MR. FISH: Objection, Your Honor. I believe Mr. Giddens is showing a statute with the law that is not applicable to this case.
THE COURT: Remove that document, please. That does not state the law. Remove it this minute.
MR. GIDDENS: I apologize.
THE COURT: The jury is now instructed and admonished to disregard anything you may have read on the placard that Mr. Giddens was showing to you. That does not express the law of the State of Louisiana. I'll instruct you on the law, ladies and gentlemen. What Mr. Giddens may argue to you is strictly his argument. I will instruct you on what the law of the state is. That's my obligation during the course of the trial.
MR. GIDDENS: ... ManslaughterExcuse me. This should be attempted manslaughter. Attempted manslaughter is, again, required if one has
MR. FISH: Objection, Your Honor. Mr. Giddens is showing the jury law that is not applicable to this case.
THE COURT: I'm going to, I believe, to ask the jurors to leave the room, unless, Mr. Giddens, you would agree not to use a placard that does not contain law that is applicable to this case. The State's objection is noted and sustained. Please avoid that, Mr. Giddens. That's two, you don't get number three.
MR. GIDDENS: Yes, Your Honor. The reason why the prosecutor had objected to me doing this
THE COURT: Excuse me, Mr. Giddens. I've made my ruling. It requires no further comment by counsel. I instructed the jury to disregard anything they have have (sic) read on the placard that was just demonstrated. I will instruct them on what the law is in this case that they may consider. Arguments by counsel are allowed under the law, but I'm the one that's charged by law with instructing them with regard to the law. Please note that accordingly. Please proceed."
[2] The court's aggravation is understandable. On the day before closing arguments were given counsel was provided with a copy of the proposed jury charges and did not object to any of the charges. He knew what law was applicable to the case before he attempted to show the placards containing inapplicable law.
[3] Defendant could have received 10½ years on just the attempted manslaughter conviction. La.R.S. 14:31 and 14:27 D(3). This sentence could be doubled to 21 years because the conviction was defendant's second felony conviction. La.R.S. 15:529.1 A(1).