605 So.2d 229 (1992)
STATE of Louisiana, Appellee,
v.
J.W. SALONE, Appellant.
No. 24,085-KA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1992.
Indigent Defender Office by Kurt J. Goins and Richard E. Hiller, for appellant.
Richard Ieyoub, Atty. Gen., Paul J. Carmouche, Dist. Atty., Howard M. Fish and Tommy J. Johnson, Asst. Dist. Attys., for appellee.
Before MARVIN, NORRIS and HIGHTOWER, JJ.
HIGHTOWER, Judge.
J.W. Salone, originally charged with attempted second degree murder but convicted by a jury of attempted manslaughter, LSA-R.S. 14:31 and 14:27, appeals his sentence *230 of four and one-half years at hard labor. Finding neither an excessive sentence nor error patent, we affirm.
Evidence revealed that, after an argument between 45-year-old Salone and his wife, police officers, who had been summoned to the couple's residence, suggested that defendant temporarily leave home and spend the night in his car. However, upon waking the next morning, August 12, 1986, the accused remembered that his wallet remained at his house and decided to retrieve it before departing for work.
Once home, Salone discovered his wife and another man, Charles Webster, engaged in a sexual act in the master bedroom. Enraged, the perpetrator obtained an iron pipe from the garage and began beating the victim severely. The violence continued as Salone thereafter brandished a small stepladder and a glass bottle. Defendant departed, but police apprehended him when he returned a short time later.
Although surviving this attack, the victim now exists in a vegetative state. One hundred percent paralyzed, he will be forced to spend the rest of his life in a nursing home, unable to move or communicate.
As his sole assignment of error, defendant challenges his sentence as excessive. Although arguing that the trial court failed to give adequate consideration to mitigating factors, he nonetheless acknowledges compliance with the guidelines of LSA-C.Cr.P. Art. 894.1, and indeed we find that provision to have been followed meticulously. Thus, we need only address whether the incarceration imposed is too severe, considering the circumstances of the case and defendant's background. See LSA-Const. Art. 1, § 20; State v. Barberousse, 480 So.2d 273 (La.1985); State v. Square, 433 So.2d 104 (La.1983); State v. Bonanno, 384 So.2d 355 (La.1980).
The trial court stated that it initially favored a longer term of imprisonment than the four and one-half years actually imposed. However, numerous letters from defendant's neighbors, co-workers, and fellow church members created a favorable impression with the district judge. Although believing Salone to be a basically good person who acted under provocation in this unfortunate instance, the court recognized that defendant's actions caused very serious harm. Several additional mitigating factors, including the frustration to which Salone had been subjected by his alcoholic wife and his forbearance from striking her during the incident at hand, all played a role in the reduced sentence. With respect to criminal history, the trial court further considered the presentence investigation report that disclosed only one previous felony conviction (attempted simple burglary) and a minimal number of misdemeanors. Nevertheless, it is obvious that the extreme and permanent consequences of the beating necessitated a term of imprisonment. Simply stated, after reviewing the record, we find no abuse of discretion.
Of course, we have also reviewed the record as required by LSA-C.Cr.P. Art. 920(2). In that connection, it seems appropriate to mention an apparently imprecise statement of the law in the trial court's instructions to the jury. As to the original charge of attempted second degree murder, the judge correctly listed the responsive verdicts as attempted manslaughter, aggravated battery, and not guilty. Thereafter, the trial court accurately stated that a conviction for attempted second degree murder would require the finding of a specific intent to kill and an act in furtherance of the crime. However, when addressing manslaughter, the court defined that offense as being "the killing of a human being when the defendant has a specific intent to kill or to inflict great bodily harm...." Thereafter, the judge read the statutory definition of attempt, but failed to explain that only a finding of specific intent to kill will support a conviction of attempted manslaughter. See State v. Dean, 528 So.2d 679 (La.App.2d Cir.1988); State v. Turner, 440 So.2d 834 (La.App.2d Cir.1983).
Irrespective of the wording utilized in the charge, however, defense counsel failed to object at trial, even after the district judge reviewed the instructions with the attorneys. Unobjected-to jury instructions are not errors patent and, absent *231 a contemporaneous objection, a defendant may not, on appeal, complain of the charge to the jury.[1] LSA-C.Cr.P. Art. 841; State v. Belgard, 410 So.2d 720 (La.1982); State ex rel. Ross v. Blackburn, 403 So.2d 719 (La.1981); State v. Stramiello, 392 So.2d 425 (La.1980); State v. Ruple, 437 So.2d 873 (La.App.2d Cir.1983). See also LSA-C.Cr.P. Art. 801.
We further note that LSA-C.Cr.P. Art. 930.8 provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. Although the court did not so inform Salone, this apparent oversight has no bearing on whether the sentence is excessive, and thus is not grounds for reversal. LSA-C.Cr.P. Art. 921. As the required notice provision is designed to apprise the defendant in advance concerning the elapsing of the statutory time limitation, the district court is hereby directed to send appropriate written notice to Salone within ten days of the rendition of this opinion and to file, in the record of these proceedings, written proof that defendant received such notice.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] When assigned as error, improper jury instructions have been considered in the absence of a contemporaneous objection in capital cases, see, e.g., State v. Smith, 600 So.2d 1319 (La. 1992); State v. Hamilton, 478 So.2d 123 (La. 1985), cert. denied, 478 U.S. 1022, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986), and also where the error emanated from a recent legislative change in the law, see State v. Williamson, 389 So.2d 1328 (La.1980). Of course, even objected to, erroneous instructions are subject to a harmless error analysis. See, e.g., State v. Cage, 583 So.2d 1125 (La.1991), cert. denied, 502 U.S. ___, 112 S.Ct. 211, 116 L.Ed.2d 170 (1991).