610 So.2d 127 (1992)
STATE of Louisiana
v.
Francisco CAVAZOS.
No. 92-KP-1373.
Supreme Court of Louisiana.
December 10, 1992.
Rehearing Denied January 28, 1993.
*128 Richard P. Ieyoub, Atty. Gen., Robert "Rick" Bryan, Dist. Atty., and Paul P. Reggie, Asst. Dist. Atty., for applicant.
Richard V. Burnes, Alexandria, for respondent.
PER CURIAM:
The relator was charged by bill of information with attempted second degree murder in violation of La.R.S. 14:27; 14:30.1. After trial by jury in 1981, he was found guilty as charged. The court thereafter sentenced him to serve fifty (50) years at hard labor. On appeal, this Court affirmed relator's conviction and sentence summarily. State v. Cavazos, 422 So.2d 417 (La. 1982). Ten years later, relator returned to the district court and filed for post-conviction relief on the basis of five claims. The court granted him relief but stayed its order pending the state's application for review to this Court.
We granted the state's application to consider two rulings made by the district court. First, the court agreed with relator that the bill of information was invalid because it referred to his specific intent "to kill or inflict great bodily harm...." The bill misdefined the offense, as the gravamen of attempted murder is the specific intent to kill, not simply to inflict great bodily harm. State v. Butler, 322 So.2d 189 (La.1975). Second, the court also agreed with relator that continued misstatements of the law at trial denied him due process by creating an unacceptable risk that the jury convicted him of the wrong offense. The minute clerk read the invalid bill to the jury; opening statements by both the prosecutor and defense counsel referred to a specific intent to inflict great bodily harm; and the trial court's general charge to the jury included an instruction on second degree murder which defined the offense in terms of a specific intent to kill or to inflict great bodily harm. Although defense counsel voiced no objection at trial, the court granted relief "on the jury instruction complaint in light of the presence of what happened on the bill of information, and the clerk, and prosecutor, and defense's action."
After a review of the record, we find no due process basis for setting aside relator's conviction and reverse the judgment of the district court accordingly.
The bill of information charged relator with "attempted second degree murder" in that "he ... with specific intent to kill or inflict great bodily harm in violation of LSA R.S. 14:30.1, did unlawfully attempt to murder one Alfred Matthews in violation of LSA R.S. 14:27." In outline, the bill tracked the short form provided by La. C.Cr.P. art. 465, subd. A(7) for charging attempted murder: that "A.B. attempted to murder C.D." The additional and somewhat confusing language had no bearing on the validity of the bill. A bill or indictment which charges an offense according to the short forms provided by Art. 465 "shall not be invalid or insufficient because it contains repugnant allegations. Unnecessary allegations may be disregarded as surplusage." La.C.Cr.P. art. 486. As the Official Revision Comment to Art. 486 observes, "if the additional allegations confuse the charge they may very appropriately be disregarded as surplusage."
The relator did not move to quash the bill of information before trial. A post-verdict attack on the sufficiency of an indictment does not provide grounds for setting aside a conviction unless the indictment failed to give fair notice of the offense charged or failed to set forth any identifiable offense. State v. Williams, 480 So.2d 721, 722, n. 1 (La.1985). The bill of information in this case clearly identified the offense charged and met minimal due process requirements.
A substantial probability that jurors may have convicted the defendant under an incorrect definition of the crime justifies setting aside a conviction on due process grounds even in the absence of a contemporaneous objection. See State v. Williamson, 389 So.2d 1328 (La.1980). Nevertheless, a prosecutor's misstatements of the law during voir dire examination, or in his opening and closing remarks, do not require reversal of a defendant's conviction if the court properly charges the jury at *129 the close of the case. State v. Holmes, 388 So.2d 722 (La.1980); State v. Shilow, 252 La. 1105, 215 So.2d 828 (1968).
We do not consider the misstatements of law from any source in this case so pervasive that the jurors could not adhere to their charged duty "to accept and to apply the law as given by the court...." La. C.Cr.P. art. 802(2). While the trial court included a definition of second degree murder in its general charge, the court explicitly instructed jurors that a conviction for attempted second degree murder required a finding that the defendant had the specific intent to kill the victim. The court prefaced that instruction with the admonition that "[a]s jurors elected and sworn in this case, you are the judges of both the law and the facts in relation to the guilt or innocence of the accused, but you are required to accept the law, as given to you by the court, to be the correct law applicable to this case."
The evidence at trial showed that relator shot the victim twice at close range and left him in the driveway of his own home paralyzed and calling for help. Any rational trier-of-fact could have determined on this evidence that relator specifically intended to kill the victim. State v. Williams, 383 So.2d 369 (La.1980); State v. Procell, 365 So.2d 484 (La.1979). The jury ultimately returned its verdict under a correct instruction from the trial court and relator has failed to show a substantial probability that he was nevertheless deprived of a reliable determination of whether he had the specific intent to kill.
The ruling of the district court is therefore reversed, the relator's conviction and sentence are affirmed, and relator is ordered remanded to the custody of the Department of Corrections.
RULING OF THE DISTRICT COURT REVERSED; RELATOR'S CONVICTION AND SENTENCE REINSTATED; RELATOR ORDERED REMANDED TO THE CUSTODY OF THE DEPARTMENT OF CORRECTIONS.