PLOTKIN, Judge.

STATEMENT OF THE CASE:

Defendant was charged with the manslaughter of Lindberg Cormier. After pleading not guilty, he was tried by a twelve-person jury which found him guilty as charged. Subsequently, defendant was sentenced to fifteen years at hard labor; and, the State filed a multiple bill charging defendant as a triple offender. A hearing was *399 held on the multiple bill; and, defendant was found to be a triple offender. The trial court set aside the original sentence and resen-tenced defendant to twenty-five years at hard labor.

STATEMENT OF THE FACTS:

On the afternoon of July 4, 1990, a group of family and friends were at the apartment of Irma Dillon at 509 St. Andrew. In that group were the defendant, his girlfriend Christola Jackson, her sister Donna Jackson, and Donna’s “common-law” husband Lind-berg “Joe” Cormier. Several people there, including defendant and Cormier, were drinking. Some time around 5:00 p.m., defendant and Christola got into an argument during which she stabbed him in the shoulder. However, some of the witnesses did not recall the fight; and, some of them testified that Cormier and Donna had a fight.
After the fight, defendant and Cormier exchanged words; and, Cormier was asked to leave the apartment. He was escorted downstairs and got into his car to leave. But defendant came up to the car, and they again exchanged words. Cormier got out the ear and punched defendant, knocking him to the ground. Defendant got up, and Cormier punched him and knocked him to the ground again. Defendant went back upstairs where he was seen rummaging around for something. Cormier was still standing outside his car when defendant returned downstairs and began stabbing at Cormier with a knife. Sandra Jackson, sister of Donna and Christo-la, stuck her umbrella between the two men; and, Cormier tried to use it to defend himself. Cormier then grabbed the end of a string mop to defend himself. Cormier ran around the budding, and Larry Jackson, Donna and Christola’s brother, followed him in the car. They picked up Cormier to take him to the hospital. Cormier sustained three stab wounds, one of which was fatal.
Defendant did not testify; but, his nephew and brother testified that Cormier attacked defendant with the umbrella, breaking it, and that defendant got it away from him and stabbed Cormier with it.

ERRORS PATENT:

A review of the record reveals no errors patent.

ASSIGNMENT OF ERROR NO. 1:

In his first assignment of error, defendant complains that the trial court erred in allowing the State to misstate the law during voir dire despite defendant’s objections and in failing to cure the error with the instructions to the jury given at the end of the trial. The misstatements were to the effect that specific intent was not an element of manslaughter.[1] After the first such misstatement, defense counsel objected; and, a bench conference was held, after which the trial judge sustained the objection. The prosecutor then again stated that there need not be any specific intent, and defense counsel objected. The trial judge told the jurors that he would charge them as to the applicable law but that he was allowing the lawyers to explain what they believed the law to be. He further stated that the lawyers’ explanations of the law might be inaccurate and that they were proceeding at their own peril in telling the jury what they believed the law to be. After additional jurors were called, the prosecutor stated that all the State needed to prove was that there was a killing done in sudden passion or heat of blood with no reference to specific intent. Defense counsel objected to the omission of specific intent, and the trial judge stated that the prosecutor proceeded at her own peril. At the close of trial, the trial judge instructed the jury that manslaughter was a specific intent crime, and he defined specific intent.
The trial judge erred in failing to maintain the defendant’s objection a second time when the prosecutor incorrectly informed the jury that no specific intent was required to prove manslaughter. We strongly disapprove of a judge instructing the jury that the lawyer’s interpretation of the law may be wrong and that counsel may then proceed at their own peril to tell the jurors what they believe the law is on an issue.
It is the role and sole responsibility of the trial judge to control all questions of law. On this issue no deference should be *400 given to the attorneys, in the presence of the jury, as to the state of the law. This issue is within the exclusive control of the court. When the trial court realizes that attorneys are incorrectly informing the jury on issues of law, during any phase of the trial, it shall immediately properly correct the error either by sustaining the objection or issuing the appropriate corrective instruction to the jury.
A prosecutor’s misstatements of the law during voir dire, or in his opening and closing remarks, do not necessarily require the reversal of a defendant’s conviction if the trial court properly charges the jury at the close of-the case. State v. Cavazos, 610 So.2d 127 (La.1992); State v. Holmes, 388 So.2d 722 (La.1980). In Cavazos, the Supreme Court found no reversible error due to the prosecutor’s misstatements of the law regarding specific intent in an attempted second degree murder prosecution where the trial court gave a correct instruction on intent and where the defendant failed to show in his application for post-conviction relief a reasonable probability that he was deprived of a reliable determination of whether he had the specific intent to kill.
Although, in the present case, the court committed error, we find it to be harmless error. The trial judge admonished the jurors that he would charge them as to the law at the conclusion of the case and that the attorney’s statements as to the law might not be accurate. Furthermore, the trial judge correctly charged the jury on specific intent at the close of the trial and there is no evidence that the jury did not understand the charge and follow it. Thus, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2:

In his second assignment of error, defendant complains that the trial court erred in refusing to give the jury instructions submitted by him regarding self-defense. He argued that the charge on self-defense given by the trial court did not explain “reasonableness” and that the failure to give the requested charge hindered his case. Defendant does acknowledge, however, that the charge given correctly stated the law.
Defendant requested that the following charge be given on self-defense:
If a person is attacked in such a way that his life is endangered or he is threatened with serious bodily injury, he may react by using the amount of force necessary to stop the attack, but no more. If during the fight the attacker threatened to kill or to seriously injure the defendant, the defendant is justified in killing the attacker in self-defense. But if the fight did not apparently endanger the defendant’s life or threaten serious bodily injury, the defendant cannot rely on self defense[sic] to justify his actions. In determining whether or not the defendant acted in self defense[sic], you should consider whether the circumstances were such that a reasonable person in the defendant’s place would find that his life was in danger or that he was about to suffer serious injury.
In such circumstance, it is not necessary that the defendant was in ACTUAL[sic] danger of losing his life or of suffering serious injury. But there should have existed a reasonable appearance of danger and although such danger may not have actually existed, he must have believed that it did. The circumstances leading him to that belief must have been reasonable and such that would lead a reasonable person to the same conclusion.
In deciding whether the circumstances supported the defendant’s belief that he was in danger, you the jury should consider the excitement and confusion, if any existed, which would naturally surround the event. Under such circumstances it would be unjust to require the defendant to have acted at the time with the same coolness and calmness in estimating the danger as we are able to bring to the same issue today in the courtroom. To do so would be to ignore human nature and to require a degree of perfection to which human beings have not attained.
You the jury should use your own judgment, based upon all the circumstances existing at the time, as to what a reasonable person would have done.
The trial court refused to give the requested charge because the matter was adequately *401 covered by the instructions given. The trial court gave the following instruction on self-defense:
Justifiable homicide: a homicide justifiable when committed in self-defense by one who reasonably believes he is in immediate danger of losing his life or receiving great bodily harm, and that the killing is necessary to save himself from that danger; or when committed for the purpose of preventing a violent or forcible felony involving danger to life or of great bodily harm by one who reasonably believes such and offense is about to be committed and such action is necessary for its prevention. The circumstances must be sufficient to excite the fear of a reasonable person that there would be serious danger to his own life or person if he attempted to prevent the felony without the killing. A person who is the aggressor or who brings on the difficulty cannot claim the right or self defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict. The defense in this case was self defense. Once the defendant raises self defense[sic] as a defense, the burden of proof shifts to the state to prove beyond a reasonable doubt that he killing did not occur in self defense[sic]. It is not the burden of the defendant to prove beyond a reasonable doubt that he did in fact act in self defense[sic]. It is not the burden of the defendant to prove that the killing or the event actually occurred in self defense[sic].
A requested special charge shall be given by the trial court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent; but, it need not be given if it is included in the general charge or in another special charge to be given. C.Cr.P. art. 807; State v. Shilling, 440 So.2d 110 (La.1983); State v. Washington, 533 So.2d 392 (La.App. 4th Cir.1988).
We hold that the trial court did not err in refusing to give the requested charge. The charge given to the jury on self-defense, although brief, properly stated the law and included the issue of reasonableness. Hence, the charge submitted to the jury was correct. This assignment of error is without merit.
Therefore, the defendant’s conviction and sentence are affirmed.

AFFIRMED.

. Specific intent is an element of manslaughter. R.S. 14:31.