626 So.2d 476 (1993)
STATE of Louisiana
v.
Harold Ray PORTER.
No. CR93-431.
Court of Appeal of Louisiana, Third Circuit.
November 3, 1993.
*477 Don M. Burkett, Many, for State of Louisiana.
W. Charles Brown, Mansfield, for Harold Ray Porter.
Before STOKER, DOUCET and SAUNDERS, JJ.
SAUNDERS, Judge.
Defendant, Harold Ray Porter, was charged by bill of information with attempted second degree murder, a violation of LSA-R.S. 14:27 and 14:30.1. In November of 1991, Porter was found incompetent to stand trial although upon review, in June of 1992, he was found competent to stand trial. After trial, in September of 1992, the jury, in an 11-1 verdict, found Porter guilty of attempted second degree murder. Porter was sentenced to 30 years at hard labor. Porter now appeals his sentence and conviction.

FACTS
On June 16, 1991, David Meshell and Tammy Neel gave a ride to Ruby Smith and Porter. An argument occurred between Porter and Smith. Porter was sitting in the front passenger seat, while the victim, Ruby Smith, was seated in the back seat behind Porter. During the argument, Porter pulled out a knife and lunged over the back seat at Smith. Ruby Smith received fourteen stab wounds. David Meshell stopped the automobile and pulled Tammy Neel out of the car. Meshell then proceeded to get Porter off of Smith by hitting Porter over the head several times with a tire tool. Meshell took Smith to the Sabine Medical Center. Porter also appeared at the medical center whereupon he was placed under arrest.

DISCUSSION
We first note that the bill of information charges Porter with the crime of attempted second degree murder, a violation of LSA-R.S. 14:27 and 14:30.1. The bill of information states:
"He attempted with specific intent to commit the offense of second degree murder, the killing of a human being, or had a specific intent to inflict great bodily harm on Ruby Smith."
This language was read to the jury prior to the start of the trial.
When the attempt statute is invoked and the charge is attempted second degree murder, it is required that the person have a specific intent to kill a human being. See State v. Guin, 444 So.2d 625 (La.App.3d Cir. *478 1983). Therefore, the bill of information is defective in that it contains the language "or had a specific intent to inflict great bodily harm on Ruby Smith."
Recently, a similar case was decided by the Louisiana Supreme Court in State v. Cavazos, 610 So.2d 127 (La.1992). In Cavazos, the defendant was convicted of attempted second degree murder in violation of LSA-R.S. 14:27 and 14:30.1 in 1981. The bill of information misdefined the offense insofar as it referred to his specific intent "to kill or inflict great bodily harm." The trial court, in a post-conviction proceeding, granted relief finding that the erroneous, but unobjected to, comments and allegations in the bill of information deprived the defendant of due process by creating an unacceptable risk that the jury convicted the defendant of the wrong offense. Attempted second degree murder requires the state to prove that the offender acted with a specific intent to kill and the intent to inflict great bodily harm is not an element of attempted second degree murder. The supreme court granted the state's writ and reversed.
The supreme court held that such errors, if not objected to by the defense counsel, do not require reversal of a defendant's conviction if the trial court properly instructs the jury at the close of the trial. In Cavazos, the trial court explicitly instructed the jurors that a conviction for attempted second degree murder required a finding that the defendant had the specific intent to kill the victim. The Cavazos' holding would arguably require the reversal of a defendant's conviction when the court does not properly charge the jury at the close of the case.
In the present case, the trial court did not properly instruct the jury at the close of the trial. In fact, the trial court misstated the law and instructed the jurors that the state, to prove attempted second degree murder, was required to prove that the offender acted with a specific intent to kill or inflict great bodily harm.
The trial judge charged the jury, beginning with a reading of LSA-R.S. 14:27 regarding attempt. The trial judge then read LSA-R.S. 14:30.1 regarding second degree murder which states that "A. Second degree murder is the killing of a human being: (1) When the offender has the specific intent to kill or to inflict great bodily harm; or...." The trial judge then summarized the instructions stating that the jurors must find that the defendant had the specific intent to commit the crime of second degree murder and must find that the defendant satisfied the elements of "intent."
The trial court continued by defining the responsive verdict of attempted manslaughter, again incorrectly. The trial judge read LSA-R.S. 14:31 regarding manslaughter and stated that in order to convict the defendant of attempted manslaughter, the jury must find that the defendant had the specific intent to commit the crime of manslaughter and that the defendant met the elements of "intent."
We note that attempted manslaughter, as in attempted second degree murder, requires a finding of specific intent to kill, a finding not necessary for a manslaughter conviction. See State v. Turner, 440 So.2d 834 (La.App.2d Cir.1983); State v. Dean, 528 So.2d 679 (La.App.2d Cir.1988); State v. Salone, 605 So.2d 229 (La.App.2d Cir.1992).
While being charged by the trial judge, the court received a note from the jury requesting that the definition of the different charges be given again. The court resumed and again charged the jury that "second degree murder means as it applies to this case, is the killing of a human being when the offender has the specific intent to kill or to inflict great bodily harm." Attempted manslaughter and aggravated battery were again defined. The foreman then requested that the court explain attempt again.
After deliberations, the jury returned a verdict of guilty of attempted second degree murder.
Based upon the recent Cavazos holding of the Louisiana Supreme Court, we find that there was a substantial probability that the jurors may have convicted Porter under an incorrect definition of the crime charged which mandates setting aside the conviction on due process grounds even in the absence *479 of a contemporaneous objection. See State v. Williamson, 389 So.2d 1328 (La.1980).
This case compares more closely with the recent case from our circuit, State v. Holmes, 620 So.2d 436 (La.App.3d Cir.1993). In Holmes, we reversed the defendant's conviction for attempted second degree murder due to an erroneous jury instruction which included the intent to inflict great bodily harm as an element of attempted second degree murder. Although no objection was made to the erroneous jury instruction, we held that due process required the reversal of Holmes' conviction and that the case be retried where it was questionable whether the jury would have convicted the defendant had it known that it had to find a specific intent to kill. In Holmes, as in the case sub judice, the jury was instructed incorrectly twice by the trial judge, once in response to a request for clarification.
Holmes, in discussing whether the circumstances warranted an exception to the contemporaneous objection rule of LSA-C.Cr.P. art. 841, quoted from State v. Williamson, 389 So.2d at 1331, as follows:
"Nonetheless it is within the province of this reviewing court to entertain complaint of Constitutional violations on appellate review notwithstanding that consideration of such complaint more often than not is deferred until filing of a writ of habeas corpus. This Court's usual pretermission of such issues stems from the need of an evidentiary hearing which can only be had incident to the writ of habeas corpus. The record before us, however, bears full and sufficient proof of the error which no posterior hearing could augment. For this reason, the need for delay is obviated.
In the case at hand the asserted error involves the very definition of the crime of which defendant was in fact convicted. Such an error is of such importance and significance as to violate fundamental requirements of due process.
Furthermore to defer consideration until defendant were to file a writ of habeas corpus would only serve to prolong the occasion when defendant might again be tried, with resultant prejudice to the state's opportunity to reassemble its witnesses and evidence. For these reasons we find it preferable now to reverse defendant's conviction and sentence and order him retried.
Because reversal of defendant's conviction results not from evidentiary insufficiency but from trial court error, and upon defendant's urging in brief on this appeal, he is subject to being retried for attempted second degree murder, the crime of which convicted. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)."
Holmes, supra, 620 So.2d at 438-439.
As in Holmes, we find that in the interest of fundamental fairness and judicial economy, we should deal with this issue now rather than on an application for post-conviction relief in the future.[1]
For the foregoing reasons, the conviction and sentence of Harold Ray Porter, defendant herein, are reversed and the case is remanded to the trial court for a new trial.
REVERSED AND REMANDED.
STOKER, J., concurs and assigns written reasons.
STOKER, Judge, concurring.
I fully agree with the majority's reversal of defendant's conviction on due process grounds and the remand for a new trial. I add this concurrence to distinguish the case before us from State v. Latiolais, 453 So.2d 1266 (La.App.3d Cir.), writ denied, 458 So.2d 125 (La.1984) of which I was the author. In a somewhat similar situation a panel of this court, of which I was a member, distinguished Latiolais recently in State v. Sittig, 625 So.2d 392 (La.App.3d Cir.1993), Number Cr93-3-4 on the docket of this court. However, it is perhaps more important to note here that there is a division in this circuit on the issue of the applicability of the contemporaneous *480 objection rule (LSA-C.Cr.P. art. 841) in cases like this where a trial judge gives fundamentally erroneous instructions. See State v. Holmes, 620 So.2d 436 (La. App.3d Cir.1993), and particularly the vigorous dissent by Chief Judge Domengeaux. 620 So.2d at 440.
In Latiolais the erroneous jury instruction (that an intent to inflict great bodily harm was sufficient to support a jury finding of guilty of attempted second degree murder) did not prejudice the defendant or rise to the point of depriving the defendant of due process. Any reasonably minded jury could have found Latiolais guilty of attempted second degree murder considering the fact that Latiolais repeatedly jabbed the victim about the head and chest area with the point of a screw driver. The stabbing was sufficient to have killed the victim and did cause blindness. The victim was left bleeding by the side of the road as if he were dead.
In the case before us the jury very well might have found Harold Ray Porter guilty of attempted second degree murder based solely on the erroneous instruction that intent to inflict great bodily harm was sufficient. Porter's conduct was erratic and inappropriate. The bizarre action of slashing at someone in the backseat of an automobile while the actor is seated in the front seat does not on its face justify a conclusion that murder was intended. Due process requires that Porter be given a trial in which the jury is instructed that he was guilty of the attempt only if he had a specific intent to kill. If no such specific intent is found, the jury could find the defendant guilty of a battery.
The reversal and remand for a new trial of Harold Ray Porter is consistent with our action in Holmes and Sittig. It is not in conflict with Latiolais.
As observed in Holmes, such disposition as we make here does not create or recognize a plain error rule of general applicability with reference to the contemporaneous objection rule set forth in LSA-C.Cr.P. art. 841; but a fundamental error in the definition of a crime given in jury instructions undermines the reliability of the fact-finding finding process in a criminal trial. Such errors warrant an exception to the contemporaneous objection rule. State v. Arvie, 505 So.2d 44, 48 (La. 1987). It amounts to a deprivation of due process of law. State v. Williamson, 389 So.2d 1328 (La.1980).
NOTES
[1] In light of our decision on this issue, any discussion as to Porter's assignments of error is pretermitted as unnecessary.