ON SUPERVISORY WRITS TO THE ELEVENTH JUDICIAL DISTRICT COURT, PARISH OF SABINE
PER CURIAM:
|, Denied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We attach hereto and make a part hereof the district court’s written reasons denying relief.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of *700 the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
Attachment
ESTATE OF LOUISIANA VERSUS GREGORY BURNETT COLLIER
DOC# 166520
DOCKET NO.: 10-CR-068548
11th JUDICIAL DISTRICT COURT SABINE PARISH, LOUISIANA
ORDER
THIS CAUSE HATH COME BEFORE THIS HONORABLE COURT on an Application for Post-Conviction Relief filed June 4, 2015, by the above named applicant in his pro se capacity.
AFTER DUE AND REVERENT CONSIDERATION OF THE FOREGOING APPLICATION, THIS COURT FINDS neither error nor prejudice to support Applicant’s claim of ineffective assistance of counsel.
DISCUSSION
Applicant asserts that the trial court erred in instructing the jury by occasionally and interchangeably using the word “defendant” for “offender” during parts of the jury instruction, thus depriving him of his right to a fair trial because it undermined the jury’s understanding of his presumption of innocence guaranteed him under the United States Constitution.
The test, for effectiveness of counsel is two-pronged. First, Applicant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment to the. U.S. Constitution. Second, Applicant must show that the deficient performance prejudiced the defense by establishing that counsel’s errors were so serious as to deprive defendant of a fair trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984); State ex rel. Busby v. Butler, 538 So.2d 164 (La. 1988). Only if Applicant shows both error and ^prejudice will his conviction be found unreliable and set aside. Absent a contemporaneous objection, a defendant .may not complain of an erroneous charge to the jury. State v. Belgard, 410 So.2d 720 (La. 1982). There is an exception to this rule in instances of constitutional violations that clearly appear on the record. See, State v. Williamson, 389 So.2d 1328 (La. 1980).
There is no requirement that the applicable law must be recited verbatim in a jury chax’ge but only that it “fairly and reasonably point out the issues and ... provide correct principles of law for the jury to apply to those issues.” Adams v. Rhodia, Inc., 2007-2110, 983 So.2d 798, 804 (La.5/21/08). Trial courts are given broad discretion in formulating jury instructions. Id. at 805. The determinative question in a claim such as Mr. Collier’s is “whether the jury instructions misled the jury to the extent that it was prevented from dispensing justice.” Nicholas v. Allstate Insurance Company, 99-2522, p. 8 (La.8/31/00), 765 So.2d 1017, 1023; see also Brown v. White, 405 So.2d 555, 560 (La. App. 4 Cir. 1981), rev’d on other grounds on reh’g, 430 So.2d 16 (La. 1983); Jones v. Liberty Mutual Insurance Company, 568 So.2d 1091, 1094 (La.App. 5 Cir. 1990), writ denied, 572 So.2d 72 (1991).
Determining whether an erroneous jury instruction has been given requires a comparison of the degree of error with the jury instructions as a whole and the circumstances of the case. See, Belle Pass Terminal, Inc. v. John, Inc., 92-1544 p. 16 (La.App. 1 Cir. 3/11/94); 634 So.2d 466, writ denied, 94-0906 (La. 6/17/94). In Mr. *701 Collier’s case, the occasional and interchangeable use of words “offender,” used in the general, and “defendant,” used in the general, is of no consequence. Mr. Collier believes that these instances somehow led the jury to believe that the |.“defendant” was a reference to Mr. Collier personally, because of his defendant status, thus suggestive that he was guilty diminishing his presumption of innocence. It is unreasonable to believe that no less than ten of his twelve jurors could not cognitively understand the difference between Mr. Collier’s very name and the word “defendant” when used generally in the jury’s instruction of what actions or inactions of'a “defendant” must be found before concluding a particular verdict. Any confusion that may have theoretically existed in the mind of a juror would have been effectively prevented by the thorough instruction given prior to the questioned instruction:
THE COURT: The Defendants are presumed to be innocent until each element of the crime necessary to constitute their guilt is proven beyond a reasonable doubt. The Defendants are not required to prove that they are innocent. Thus, the Defendants begin the trial with a clean slate. The burden is always upon the State to prove the Defendants’ guilt beyond a reasonable doubt. In considering the evidence, you must give the Defendants the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence. If you are not convinced of the guilt of the Defendants beyond a reasonable doubt, you must find them not guilty. The presumption of innocence is another way of saying that a person is not guilty until proven otherwise beyond a reasonable doubt. A legal presumption relieves the person in whose favor it exists from the necessity of any proof whatsoever. Nevertheless, a presumption may be destroyed by evidence to the contrary. In other words, a defendant in this State need not prove his innocence. It is incumbent on the State to prove his guilt beyond a reasonable doubt; and, until so proven, an accused is presumed to be innocent.
Here, the Defendants were referred in the specific (“the Defendants”) purposefully employing the definite article “the” and “Defendants” with a capital D), hence speaking to the presumed innocence due them by the jury, ie., the | ^presumption of innocence to Mr. Collier and to Mr. Thompson, individually and collectively.
Assuming arguendo that the jury could not comprehend the difference between the general and the specific use of the term “defendant,” it did not misinform the jury of the law or reveal a misapplication of it, a hallmark of a Williamson exception. See, State v. Belgard, 410 So.2d at 728 (concurrence, J. Calogero); State v. Latiolais, 453 So.2d 1266 (La.App. 3 Cir. 1984), writ denied, 458 So.2d 125 (La. 1984); State v. Holmes, 620 So.2d 436 (La.App. 3 Cir. 1993), writ denied, 626 So.2d 1166 (La. 1993); State v. Porter, 626 So.2d 476 (La. App. 3 Cir. 1993). As no clear Constitutional violation of the jury instruction occurred under the facts as Applicant describes, there is no error. With no error, there was no ineffective assistance of counsel as there was no need for the Applicant’s attorney to make an objection. Thus, Applicant’s claim must be denied.
Additionally, and of great importance, the jury’s verdict is not unsupported by the evidence admitted at trial: the mask and clothing Collier and his Co-Defendant used in the home invasion was described and identified by the victims and then found near the victims’ home replete with their DNA. Moreover, the former girl *702 friend of one of the Defendants testified that the Defendants planned the attack. Any perceived prejudice caused by an alleged diminished presumption of the Applicant’s innocence is grossly mooted when compared to the considerable physical and testimonial evidence against him at trial. Under these circumstances, the jury was not misled in reaching its verdict.
JgTHEREFORE, BASED ON THE ABOVE FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS ORDERED, ADJUDGED, AND DECREED that the subject Application be and is hereby respectfully DENIED; and
IT IS FURTHER ORDERED that the Clerk of Court notify the parties below of the signing of this Order.
THUS DONE AND SIGNED in Chambers, in the Town of Many, Parish of Sabine and State of Louisiana, on this, the 12th day of October, 2015.
/s/ HON. STEPHEN B. BEASLEY DISTRICT COURT JUDGE
SERVICE INFORMATION: Mr. Gregory Burnett Collier DOC# 166520

Care of

Louisiana State Penitentiary 17544 Tunica Trace Angola, LA 70712

Applicant

Mr. Burl Cain, Warden Louisiana State Penitentiary 17544 Tunica Trace Angola, LA 70712

Custodian

Office of the District Attorney P. O. Box 1557 Many,'LA 71449-1557